✝Sarah H. Kinney v. J. T. DeMar et al.

ACT FOR APPROPRIATION WITHOUT FINDING THAT PUBLIC INTEREST REQUIRES IT IS VOID.

The act of 1893 (90 O. L., 28) requiring township trustees on a petition of a majority in ownership on a dedicated street set out on a recorded plat, to open the str· ct in the manner indicated on the plat, and to appropriate real estate for the purpose, and assess the cost thereof on the land abutting, without requiring a finding by the trustees that public interest requires such taking, is unconstitutional and the assessment will be enjoined.

APPEAL.

SMITH, J.

The plaintiff in this action seeks to enjoin the defendants, the trustees of Columbia township in this county, from levying an assessment upon certain lands owned by her, situate in said township, and not within the limits of or subject to the control of any municipal corporation; to pay the one-half of the costs and expenses of the extension of what is known as Mooney avenue, in the Hyde Park subdivision, including the cost of land belonging to her and to James E. Mooney, severally, condemned for the purpose of such extension. The facts in the case are substantially these:

Some years ago certain lands in Columbia township, in the name of James E. Mooney, trustee, were subdivided into lots with certain streets shown on the plat of the subdivision, which streets were dedicated to the public use, and the plat was duly recorded in the office of the recorder of this county. This was the Hyde Park subdivision. One of such streets so designated on the plat was called Mooney avenue, and as dedicated it extended from what was called Observatory avenue, another dedicated street on said plat, north to a point ten feet south of the south line of a tract of several acres owned by the plaintiff, Mrs. Kinney. The point so indicated was about 467 feet south of Madison pike. On said plat were dotted lines indicating that Mooney avenue and other streets shown on said plat as dedicated, might be extended the same width through the lands of other persons. Mooney avenue, as so projected, would pass through ten feet of the land of Mooney, and thence north through the land of plaintiff and said Mooney, 457 feet to Madison pike, the center line of said street, as projected, being the dividing line between the lands of said Mooney and the plaintiff, but owing to the angle made with the Madison pike, Mooney had but 396 feet front abutting on the extension, while Mrs. Kinney had 424 feet abutting thereon, and the proposed plan of the trustees to assess the two owners equally was not in accordance with the statute under which they were professing to act. By said original plat, it may be said, another street was projected to run almost entirely through the lands of Mrs. Kinney, but no steps have been taken to extend the same.

On February 9, 1893, an act was passed by the legislature, 90 Ohio Laws, 28, in form a general law, but in all probability intended to apply to this partic-

* This case was dismissed by the Supreme Court for want of preparation, March 10, 1896—3 Legal News, 124; the circuit decision was distinguished in State ex rel. v. Trustees, *post*, 390.

ular case. On the provisions of this statute and the proceedings had under it, the questions in this case arise. In conformity with its provisions, a petition signed by the owners of a majority of feet front of lands abutting on Mooney avenue, as dedicated, but not signed by the plaintiff, who owned no lands on said avenue as dedicated (though she was the owner of a majority of the feet front of lands abutting on the street as sought to be extended), was presented to the trustees of Columbia township, asking them to open and extend Mooney avenue to the Madison pike, in the manner and to the extent as shown by said original plat. Thereupon the trustees, without any finding as to whether this extension would be for the public welfare, and deeming the act mandatory upon them, as is stated, at once filed their application in the probate court for the condemnation of the land necessary for such extension, and such proceedings were had that damages were awarded to the plaintiff in the sum of $1,050, and to Mr. Mooney, trustee, a like sum. The amount awarded to plaintiff has not been paid, as she brought suit to prevent her land being assessed by the trustees (as they were preparing to do), to pay the damages and costs awarded, and the costs of the proceeding, viz., one-half on her lands abutting on the improvement, and the other half on the abutting land of Mooney, trustee.

Two questions have been presented by counsel, viz: First. Whether the mode of assessment is that contemplated by this statute—that is, whether, when the extension of the street is petitioned for by the owners of a majority of the feet front of the lands abutting on the street as dedicated, the assessment for the condemnation money and the costs and expense of the improvement is to be on the lots and lands abutting on the dedicated street, or upon those solely abutting on the extension. Second. Whether, if the latter mode is the statutory one, the statute is in violation of the rights of the plaintiff and of the provisons of the constitution.

In so far as this last question is concerned, we may say, that in our judgment the law in question, if it is a constitutional one, is mandatory in its character and requires the board of trustees of a township, whenever a petition is presented to them under the circumstances and in the manner pointed out therein, without the exercise of any judgment or discretion on their part on the question whether such proceeding would be for the good of the public, to proceed in the manner directed by the statute—and thus at the mere request of one or more persons who may have seen proper to make a subdivision of his or their own land, and dedicate the streets therein to public use, and marked on the plat thereof, any number of such streets, of any width or length through the lands of other persons are compelled to open such streets as projected, at the cost of the persons through whose land they are projected, if it can be done at the amount specified in the statute. The idea that this may be done is so contrary to the natural sense of justice and of right, that it should not be entertained, unless we are forced to the conclusion that it is clear that the legislature had the right to so provide.

The right of the citizen to hold and enjoy his private property, subservient, however, to the public welfare, is guaranteed by the constitution of the state. Bill of Rights, sec. 19. It is clear that by an exercise of the sovereign power of the state, it may be appropriated to a public use, on payment of the value thereof.

"The power to do this (which is an inseparable incident of sovereignty) and its exercise for the accomplishment of lawful objects, is co ferred upon the general assembly in the general grant of legislative authority. It may be exercised directly or indirectly by the general assembly without the interv ntion of the judiciary, except for determining the amount of the compensation. But the courts possess full power to determine its proper limits, and to prevent abuses in its exercise, and the power rests upon public necessity, and can only be exercised where such necessity exists." *Giesy v. C. W. & Z. R. R. Co.*, 4 O. S., 309.

The legislature, then has the right, as has been held, in the exercise of its discretion, to pass a law providing for the appropriation of the land of an individual for a public road, and to provide for the manner in which compensation

therefor should be determined by the judicial tribunals, or the power to so act, might rightly be conferred upon the council of a municipal corporation, the board of county commissioners, the trustees of a township, or other bodies of a *quasi* corporate character, "local organizations which, for purposes of civil administration, are invested with a few of the familiar characteristics of corporate existence." But in such case we are of the opinion that when such power is entrusted to such a board, a discretion must be granted to them to determine whether the exercise of the power conferred in a particular instance will be for the public welfare, and that the legislature is not authorized to pass a law, which, as in the statute under consideration, makes it obligatory upon the trustees to appropriate the land of private individuals to public use, without any reference to or decision of the question whether it would be for the public good that it be done, at the mere request of some person or persons who have no interest in the land through which it is to pass, but who, for his or their convenience desire a road to be opened through their neighbor's land at the sole expense of such neighbor. See *Railroad Co.* v. *Whitacre*, 8 O. S., 591.

It seems to us a holding by the court that the scheme thus devised should be carried out, would be a reproach to the administration of justice, and can not be sanctioned. A decree, may, therefore, be entered perpetually enjoining the assessment by the defendants of any tax against the lands of the plaintiff under the proceedings which have been had in this matter.

*Thos. A. Logan* and *Frank Kinney*, for plaintiff.

*J. T. DeMar* and *Wallace Burch*, for defendants.